UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CINDY MITCHELL                                                                                PLAINTIFF

v.                                                                CIVIL ACTION NO. 5:14CV-44-R

NORTONS NEUROSCIENCE INST. *et al.*                                               DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Cindy Mitchell, proceeding *in forma pauperis*, filed a *pro se* complaint alleging medical negligence on the part of Defendants (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

### I.

Plaintiff brings this action against two Defendants: Dr. Alan Gocio and Nortons Neuroscience Institute [NNI]. Plaintiff represents that Defendant Gocio worked for NNI when he negligently performed surgery on her neck. Plaintiff is seeking monetary damages.

According to the complaint, on November 30, 2011, Defendant Gocio performed surgery on Plaintiff's neck to repair a "severe ruptured disc." Plaintiff states that the surgery was performed at Lourdes Hospital in Paducah, Kentucky. According to the complaint, after the surgery, Defendant Gocio "lied" to Plaintiff's mother and friend by telling them that he had performed "a cervical fusion and remov[ed] ostheo arthritic bone spurrs" thereby fixing Plaintiff's neck. Plaintiff states that after seeing a new doctor because of continued pain and suffering, "he did not remove the bone spurrs." According to Plaintiff, she "must have 2 more

neck surgeries to correct his surgery." Plaintiff states that her spine is growing crooked because of Defendant Gocio's surgery.

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff has failed to meet her burden. For instance, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Plaintiff alleges an amount in controversy of $65,000. This amount does not meet the statutory requirement of $75,000. Further, according to the complaint, both Plaintiff and Defendants are citizens of Kentucky. Thus, the complaint fails to

satisfy the complete diversity-of-citizenship requirement. For these reasons, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff is alleging medical negligence on the part of Defendants. She does not allege any violation of the Constitution, laws or treaties of the United States. Thus, this Court does not have federal-question jurisdiction over this complaint.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff having failed to establish this Court's jurisdiction, the instant action must be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.
Date:


cc: Plaintiff, *pro se*
      Defendants
4413.003